# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY DESOLA,

      Plaintiff,  :  Case No. 3:14-cv-227

            District Judge Walter Herbert Rice
  - vs -       Magistrate Judge Michael R. Merz

ELEVATION HEALTHCARE, et al.,,

      Defendants.  :

## REPORT AND RECOMMENDATIONS

  This case is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction, failure of service of process, and failure of the Complaint to state a claim upon which relief can be granted (Doc. No. 4).  Upon the filing of the Motion, the Court notified Plaintiff of his obligation to respond within the time allowed by S. D. Ohio Civ. R. 7.2, to wit by August 22, 2014 (Doc. No. 5).  Plaintiff has failed to respond.

  The Complaint alleges a breach of contract between the parties, all of whom are Ohio residents.  Thus this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. Although the Civil Cover sheet has a checked box embodying Plaintiff's claim that this Court has subject matter jurisdiction under 28 U.S.C. § 1343, no claim is actually pled under federal civil rights statutes.  Mindful of the obligation to liberally construe a *pro se* litigant's pleadings,

the Magistrate Judge has carefully examined the Complaint for any allegation which would bring this case within 28 U.S.C. § 1331, but has found none.

It is accordingly recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

August 25, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).